Beck, J.
Plaintiff King; filed his petition in chancery, alleging the following statement of facts: That he and defendant were, in September, 1867, copartners in the business of selling sewing machines in Des Moines; that the copartnership was in that month dissolved by mutual consent; that the dissolution was effected by petitioner purchasing the interest of defendant in the firm by executing to him his promissory note for $1,100, with S. A. Russell as security; that, at the time of the purchase, petitioner knew nothing about the books, accounts, liabilities and assets of the firm, the same having been in the special charge of defendant; that the defendant represented at the time of the dissolution that the indebtedness of the firm to the parties of whom they procured sewing machines was $332.20; that, by the terms of the dissolution, petitioner bound himself to pay the debts of the firm; that petitioner, in consenting to the dissolution and making the purchase of defendant’s interest in the *591 firm, relied upon defendant’s, statements and representations as to its indebtedness; that such statements were false and fraudulent, and made with the design to cheat petitioner, the indebtedness of the firm being in fact $784.50; that defendant holds the note given by-petitioner, which is negotiable, and has not transferred the same; and that he has been by petitioner requested to credit the sum in which the real indebtedness of the firm is in excess of the amount represented by him as such upon the note, or otherwise correct and remedy the fraud so perpetrated upon petitioner, which he refuses to do. The relief asked is that defendant be enjoined from transferring said note ; that upon the payment of $648.44, which petitioner offers to pay, the said note be declared fully paid and discharged. Upon the petition a preliminary injunction was allowed.
The answer of defendant admits the copartnership, the dissolution, and execution of the note, but denies the fraud and misrepresentations charged in the petition, and all other allegations thereof. Defendant makes Bussell, petitioner’s security upon the note, a party by proper averments in the answer, which is in the nature of a cross bill, and prays that judgment be entered for the amount of the note, with interest, against the petitioner and Bussell.
The foregoing statement contains the material substance of the pleadings presenting the issue between the parties, extracted from eighteen pages of the record. The petition and answer are alike particular and prolix in setting out the cause of action and defense.
Upon the final hearing the court, by decree, dismissed plaintiff’s petition and rendered judgment against petitioner and Bussell for the amount of the note and interest. The questions presented for our determination are purely those of facts. It will also be observed that the issues between the parties maybe resolved into two questions — the answer of both, or either one, will determine the case. They are, 1. Were false and fraudulent representations made by defendant to plaintiff as to the indebtedness of the firm? 2. Did plaintiff rely upon the representations of defendant as to the debts of the firm to the parties of whom they procured the machines, and was he induced thereby to execute the note and enter into the contract dissolving the firm ? These, as we conceive, are the only questions in the case. We are prepared to answer both negatively.
It would be highly unprofitable to enter into a discussion of the evidence, and state at length the reasons drawn therefrom which bring us to this conclusion. The evidence is voluminous, and the testimony of the witnesses is extended to great length, often giving- conversations between the parties and others with great particularity, that have very little to do with the case. It cannot be expected of us to give, at any length, the result of our very patient collation of the prolix testimony of the different witnesses. Such has not been our custom in like cases.
*592 We may, however, mention one or two main facts, that are of con trolling influence in the determination of the case in our minds.
.Prior to the dissolution of the firm and the purchase of defendant’s interest by the petitioner, there was a disagreement between the parties, resulting, it appears, partly from dissatisfaction of petitioner as to the manner in which defendant kept the books of the copartnership. There seemed to be, on his part, a lack of confidence in his copartner. Efforts were made to effect a dissolution, but no agreement could be arrived at until it was proposed that a written agreement be entered into, by which the parties bound themselves that defendant should name a sum which he would give for petitioner’s interest, or take for his own, and the petitioner should have the option, either to sell his interest, or buy defendant’s for that amount. This plan was adopted and carried out, petitioner electing to take defendant’s interest at the sum named, for which he and Bussell executed their joint note. However, before he accepted the proposition thus made by defendant, to sell, he inquired, by telegraph, of the parties who furnished the machines, as to the firm indebtedness to them. The answer, which was received before the contract of dissolution was perfected, corresponded very nearly in amount with the statement made by defendant. Thereupon the contract was consummated. To our minds this conclusively shows, that petitioner did not rely upon defendant’s statement in relation to the indebtedness of the firm to the parties supplying it with machines, and this is the only indebtedness of which defendant made any statement, or concerning which there is any dispute between the parties. But it is claimed that the statement made by defendant, and concurred in by the creditors, in fact, was erroneous, and resulted from the manner in which both the firm and the creditors kept their accounts, which was this: The machines were sold by the firm upon commission. The parties supplying them were credited with the machines when sold, or, rather, when they were reported sold, by the firm — monthly reports being made. Now, machines that were sold, rented or otherwise disposed of, if not reported, were not credited to the parties supplying them, and, so far as the books of the firm showed, were considered as a part of the stock in trade by the firm. It will be readily seen that, upon a final settlement with the creditors, the party supplying the machines, that if the machines received by the firm were not produced the indebtedness would be greater than the books of the firm actually exhibited, yet the machines may have been disposed of in some way, sanctioned by the firm’s manner of doing business. This, in truth, caused the discrepancy in the account furnished by defendant and the creditors, and that which was afterward found upon a settlement with them.
But petitioner insists that he was not acquainted with the manner in which his firm conducted its business in this respect, and that defendant was, and thus took advantage of him.
*593 We are of the opinion that the evidence, taken together, fails to establish the ignorance of petitioner. He certainly could have understood all about the business. He had the opportunity of informing himself, and no effort was made to conceal the course of business, or the actual condition of the firm’s affairs from him. We are of the opinion that his ignorance, if, in fact, he was ignorant, resulted more from his want of diligence and attention to the business, or the want of an effort to inform himself, than from any concealment or fraudulent practice of defendant. But we are inclined to the opinion that he, in fact, did understand fully all the details of the business, and his dissatisfaction with his bargain, or rather with the manner in which the business exhibited itself in the final settlement with the creditors, resulted more from disappointment, caused by his not having used when the bargain was made all the knowledge he in truth possessed. In other words, he did not see the end of the trade at the beginning; he did not take into view all the circumstances of the business that had a bearing upon the contract.
We conclude, finally, that the evidence fails to satisfy us that defendant’s representations, in point of fact, were false and fraudulent when considered in the light of the firm’s manner of doing business. We are satisfied that petitioner did not rely upon these representations, and was not induced thereby to make the contract and execute the note in controversy. Other reasons than those given above strengthen these conclusions. The great preponderance of testimony clearly directed us to this result in its investigation.
It is our opinion that the decree of the district court should be
Affirmed.
COLE, Ch. J., not concurring.